IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE HANSON and GAVIN HANSON,

                    Plaintiffs,                          OPINION AND ORDER

    v.                                                   24-cv-16-wmc

OZAUKEE COUNTY SHERIFF'S OFFICE, JUSTIN KAAS,
SHARON HANSON, TODD HANSON, AMAZON,
MICHAEL SCHAFFER, and JADE FRICKS,

                    Defendants.

Plaintiff Natalie Hanson, who is representing herself, filed a lawsuit on behalf of herself and her brother, Gavin Hanson, against the Ozaukee County Sherriff's Office, Lieutenant Justin Kaas, Sharon and Todd Hanson, Amazon, Michael Schaffer, and Jade Fricks.  The next step is to screen the proposed complaint under 28 U.S.C. §§ 1915(e)(2).  However, because Hanson's complaint outlines at least six lawsuits and is confusingly organized across three documents with many apparently extraneous allegations, it does not comply with the requirements of Federal Rules of Civil Procedure 8 and 20.  Therefore, to avoid dismissal of this lawsuit, Hanson will need to submit an amended complaint that brings just one lawsuit and corrects the deficiencies identified below.

OPINION

A plaintiff may bring claims against different defendants in the same lawsuit "only if [those] claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'"  *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) (quoting Fed. R. Civ. P. 20(a)(1)(A)).  As the Court of Appeals for the Seventh Circuit has

explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.*

Here, Hanson outlines at least six lawsuits between her initial complaint and two supplements.  First, Hanson alleges that her parents, Sharon and Todd Hanson, violated her rights by evicting her and her brother from their home, adding that her parents drugged and assaulted her.  Second, she alleges that the Ozaukee County Sheriff's Office and Lieutenant Justin Kaas violated her rights by pulling her over without probable cause. Third, Hanson alleges that unidentified officers leaked video footage of her arrest, and an officer assaulted her in the Ozaukee County Jail.  Fourth, she asserts that her employer, Amazon, discriminated against her because of her race and sex.  Fifth, Hanson asserts that Michael Shaffer violated her rights by kicking her out of the house they shared because she would not have sex with him.  She also alleges that Shaffer drugged her and had someone else seduce her for money and beer.  Sixth, Hanson alleges that Jade Fricks violated her rights by retaliating against her for reporting assaults.

In her first supplement to her complaint, which is difficult to follow, Hanson alleges that a former partner raped her, information about her was leaked and shared on the internet, television programs used video footage of her without her permission, and she was assaulted and sexually assaulted while in custody at the Ozaukee County Jail.  (Dkt. #4.)  In her second supplement, Hanson explains that she seeks damages for the assault, battery, and harassment she suffered in jail, adding that she cannot defecate because a jail employee drugged her and then placed an object in her anus.  (Dkt. #6.)

Only *one* group of claims arising from an incident identified above may proceed under this case number.  Therefore, Hanson must decide which group of claims will proceed under this case number, and whether she wishes to proceed with any other group of claims in a separate lawsuit or lawsuits.  If Hanson decides to pursue separate lawsuits based on allegations unrelated to those she decides to pursue under this case number, she will be required to pay a separate filing fee for each additional lawsuit on which she chooses to proceed.

Regardless of how Hanson chooses to proceed, she must submit a new complaint that clarifies her claims.  Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand whether a valid claim is alleged and if so what it is."  *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quotation marks omitted).  Her complaint is confusingly organized across three documents and contains many seemingly irrelevant allegations.  *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter'") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.")

To proceed with this lawsuit, therefore, Hanson will be required to file an amended complaint, focusing only on essential factual allegations, so that the court can evaluate her

3

claims.  Plaintiff must submit one proposed pleading that includes all of her claims and defendants she wishes to proceed against in this lawsuit; she should stop filing supplements to her pleadings.  If Hanson submits a proposed amended complaint no later than **October 31, 2024**, the court will take it under advisement for prompt screening under 28 U.S.C. § 1915(e)(2).

In drafting her amended complaint, Hanson should also keep in mind that, because she is not an attorney, she cannot represent her brother, so she should not list him as a plaintiff in her amended complaint.  *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("*pro se* plaintiffs cannot represent others").

Plaintiff should also be aware that, to succeed on constitutional claims brought under 42 U.S.C. § 1983, the defendant must have acted "under color of state law."  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009).  Here, it appears that at least some of the defendants that she sues for violating her rights -- Sharon and Todd Hanson, Michael Schaffer, and Jade Fricks -- are private citizens, not government officials.  Generally, "[s]ection 1983 does not cover disputes between private citizens" because they are not acting under color of state law.  *Plaats v. Barthelemy*, 641 F. App'x 624, 627 (7th Cir. 2016).  Private actors do, however, act under color of law when they work jointly with state actors to violate a person's rights.  *See, e.g., L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("A private person acts under color of state law when she is a willful participant in joint action with the State or its agents." (quotation marks omitted)).  Here, Hanson alleges no details suggesting that any of these individuals

4

and the police (or any other government actor) are consciously working together to harm her.

ORDER

IT IS ORDERED that:

1) Plaintiff Natalie Hanson's complaint is DISMISSED without prejudice.  (Dkt. #1.)

2) Plaintiff has until **October 31, 2024**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss her claims without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b).

Entered this 11th day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge