IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE HANSON,

                Plaintiff,              OPINION AND ORDER

v.

                                        24-cv-16-wmc

SHARON HANSON, TODD HANSON,
MICHAEL SCHAFFER, and
OZAUKEE WI COUNTY JAIL,

                Defendants.

Plaintiff Natalie Hanson, who is representing herself, filed this proposed amended complaint. (Dkt. #8.) The court previously dismissed Hanson's complaint for not complying with Federal Rules of Civil Procedure 8 and 20. (Dkt. #7.) The next step is to screen Hanson's amended complaint under 28 U.S.C. § 1915(e)(2). Although Hanson's amended complaint is significantly easier to follow than her initial complaint, and appears to allege federal causes of action, she has not named a proper defendant. Thus, the court will dismiss her amended complaint without prejudice and allow her one more attempt to submit a complaint that names a proper defendant.

OPINION

In her amended complaint, Hanson seeks to press criminal charges of harassment, drugging another person, sex trafficking, attempted murder, and tampering with evidence against: (1) her parents, Sharon and Todd Hanson; (2) Michael Schaffer; and (3) the Ozaukee County Jail. Specifically, Hanson alleges that an officer illegally stopped her when she was driving through Ozaukee County. The officer then called three other officers to assist, and the officers allegedly assaulted her.

There are several problems with Hanson's amended complaint. To the extent that Hanson seeks to bring federal charges against defendants, federal criminal statutes do not create a private right of action, meaning that she cannot bring federal charges against defendants. *Gardner v. Harvard Univ.*, No. 21-CV-503-WMC, 2023 WL 2163083, at *5, 8 (W.D. Wis. Feb. 22, 2023) ("[plaintiff] does not have a private right of action to sue in federal court for violations of federal criminal statutes"). Also, the court cannot initiate federal criminal proceedings against defendants. *Id.*

Next, generously construing Hanson's complaint, the court understands her to allege that police officers violated her Fourth Amendment rights when she was falsely arrested, and officers used excessive force against her after stopping her. *Meddaugh v. Matthews*, No. 23-CV-230-WMC, 2024 WL 3823095, at *4, 8 (W.D. Wis. Aug. 14, 2024) (explaining that the Fourth Amendment governs claims of false arrest and excessive force during an arrest). The problem is that Hanson has not identified a proper defendant for such constitutional claims. As the court explained in its initial screening order, Hanson's parents and Schaffer are private citizens, and absent allegations that they worked jointly with state actors to violate her rights, she may not proceed on constitutional claims against them. (Dkt. #7, at 4-5.) Next, the Ozaukee County Jail is not a proper defendant, as it is a building, not a person, so it does not have the legal capacity to be sued for violating Hanson's constitutional rights under 42 U.S.C. § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Even if those defendants could be sued for constitutional violations, she does not allege that any of them had personal involvement in her arrest and assault. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability

2

under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted and quotation marks omitted)).

To proceed with this lawsuit, therefore, Hanson will be required to file a second amended complaint, using the court's standard complaint form. In preparing her second amended complaint she should explain: (1) what happened to make her believe she has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist her in relation to those events. **Given that Hanson's claim appears to arise out of her arrest, she should list the officers responsible for her arrest as defendants**. If she does not know the defendants' names, she should provide their titles and refer to them as "John Doe" or "Jane Doe." Hanson should set forth her allegations in separate, numbered paragraphs using short and plain statements. As best she can, Hanson should also tell her story chronologically, inserting allegations related to each defendant at the time in the chronology of events that they became involved.

ORDER

IT IS ORDERED that:

1) Plaintiff Natalie Hanson's amended complaint is DISMISSED without prejudice. (Dkt. #8.)

2) Plaintiff has until **November 12, 2024**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss her claims without prejudice for failure to prosecute, *see* Fed. R. Civ. P. 41(b).

Entered this 22nd day of October, 2024.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge